IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS
KANSAS CITY

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL NO.: 2:24-CV-2437-KHV-GEB |
| ANTHEM HAYEK BLACHARD and ANTHEM HOLDINGS COMPANY, | |
| Defendants. | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendants Anthem Hayek Blanchard, and Anthem Holdings Company, through undersigned counsel, hereby Answers the Complaint filed by Plaintiff, U.S. Securities & Exchange Commission.

Defendants answer each numbered paragraph of Plaintiff's Complaint as follows:

1. Denied. This "summary" paragraph contains numerous factual assertions later set out in detail. Therefore, Defendants respond to the specific allegations directly. To the extent this paragraph sets out any additional factual assertions they are denied.

2. Denied. This "summary" paragraph contains numerous factual assertions later set out in detail. Therefore, Defendants respond to the specific allegations directly. To the extent this paragraph sets out any additional factual assertions they are denied.

3. Denied. This "summary" paragraph contains numerous factual assertions later set out in detail. Therefore, Defendants respond to the specific allegations directly. To the extent this paragraph sets out any additional factual assertions they are denied.

4. This paragraph contains conclusions of law, to which no response is required.

5. This paragraph contains no factual assertions, thus no response is required.

6. Admitted in part. Defendant Blanchard was a co-founder of Anthem Holdings and its CEO. To the extent the SEC relies on additional facts to support its claim that he "controlled the Company at all relevant times" Defendants are without knowledge or information sufficient to form a basis as to their truth.

7. Admitted.

8. This paragraph contains conclusions of law, to which no response is required.

9. This paragraph contains conclusions of law, to which no response is required.

10. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

11. Admitted in part, denied in part. Anthem Holdings had multiple intended revenue sources, including Hera's revenue. The remaining factual allegations in this paragraph are admitted.

12. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied. Defendants contest that either Series A or Pre-Series B offering involved "securities."

13. Admitted. To the extent that this paragraph asserts the instruments were a "stock offering," that is a conclusion of law to which no response is required.

14. Defendants admit meeting with specific individuals in Salina, Kansas concerning investments in Hera. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations.

15. Defendants admit meeting with specific individuals in Salina, Kansas concerning investments in Hera. Defendants admit a Series A PPM was sent to others by email, but the document speaks for itself. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

16. Denied in part. Defendants determined the content of relevant materials with the assistance of counsel and others. Defendants deny the remaining allegations.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied in part, admitted in part. Defendants created multiple different presentations with the assistance of others. Defendants admit that some presentations were shown to prospective investors, and the terms of those presentations speak for themselves.

21. Admitted.

22. Admitted that investors executed agreements as stated but denied that Blanchard made any material false or misleading statements to any of them.

23. Denied.

24. Denied.

25. The relevant document speaks for itself.

26. The relevant document speaks for itself.

27. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

28. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

29. Denied.

30. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, Defendants admit that Blanchard created reasonable revenue projections for Hera but lacks sufficient knowledge or information to admit or deny the contents of communications made to unidentified persons.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. The relevant document speaks for itself.

46. The relevant document speaks for itself.

47. The relevant document speaks for itself.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Admitted.

54. The relevant document speaks for itself.

55. Denied.

56. Denied.

57. The relevant documents speak for themselves.

58. Denied.

59. Admitted.

60. The relevant document speaks for itself.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

69. Denied.

70. Denied.

71. No response is required.

72. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

73. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

74. No response is required.

75. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

76. This paragraph contains conclusions of law, to which no response is required. To the extent this paragraph sets out factual assertions, they are denied.

Defendants deny that Plaintiff is entitled to the Relief Sought in the Wherefore Paragraph following Paragraph 76 of its Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses. In listing the defenses below, Defendants do not knowingly or intentionally waive any defenses, including arguments about which issues fall within the plaintiff's burden of proof. Defendants also reserve the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The relevant instruments set out in the Complaint are not securities as defined by federal law.

**THIRD AFFIRMATIVE DEFENSE**

Defendants did not violate the Securities Act of 1933 or the Exchange Act of 1934.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Blanchard is not a control person and Plaintiff has failed to state a claim of control liability.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege Defendants acted with the requisite scienter.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege with particularity the misleading or fraudulent representations at issue.

**JURY DEMAND**

Defendants demand a jury trial on all matters triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment:

1. Denying the SEC's requested relief;

2. Dismissing the Complaint in its entirety, with prejudice;

3. Awarding Defendants the costs they have incurred in defending this action and expenses; and

4. Awarding such other and further relief as the Court may deem just and proper.

Dated: March 6, 2025

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: /s/ *Christina M. Wahl*
Christina M. Wahl, KS Bar # 23406
Anthony J. Durone, KS Bar # 17492
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
cwahl@berkowitzoliver.com
adurone@berkowitzoliver.com

Caleb Kruckenberg
(*Admission Pro Hac Vice Forthcoming*)
Christian Clase
(*Admission Pro Hac Vice Forthcoming*)
**CENTER FOR INDIVIDUAL RIGHTS**
1100 Connecticut Ave., NW
Suite 625
Washington, DC 20036
Telephone: (202) 833-8400
kruckenberg@cir-usa.org
clase@cir-usa.org

***Attorneys for Defendants Anthem Hayek Blachard and Anthem Holdings Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Christina M. Wahl*
***Attorney for Defendant Anthem Hayek Blachard and Anthem Holdings Company***