UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

ANTHEM HAYEK BLANCHARD AND
ANTHEM HOLDINGS COMPANY,

    Defendants.

Case No. 24-2437-KHV-GEB

## SCHEDULING ORDER

On **May 1, 2025**, the undersigned U.S. Magistrate Judge, Gwynne E. Birzer, conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Securities and Exchange Commission ("SEC") appeared through counsel Sharan Lieberman and Jason Spitalnick, by videoconference. Defendant Anthem Hayek Blanchard ("Blanchard") and Anthem Holdings Company ("AHC") appeared through counsel Caleb Kruckenberg, Michael Petrino, and Christina Wahl, by videoconference.

Following is a brief summary of the nature of the case:

> The SEC alleges that between March 2020 and July 2022 Defendants Blanchard and AHC violated the federal securities law by engaging in two fraudulent offerings and sales of AHC's securities by telling investors a series of lies about its financial prospects to induce them to invest. AHC was an early-stage company founded and controlled by Blanchard, its CEO. In raising money from investors to fund its start-up software development operations, Defendants asserted that AHC had secured contracts it had not secured; stated that AHC was on the verge of closing deals when that was not true; projected millions of dollars in revenue without any reasonable

factual basis to believe the company would actually earn that revenue; and referred to a large investment in the company that did not exist. Based on these lies, the Defendants raised over $5 million from unsuspecting investors. Those investors, many of whom reside in Kansas, have now lost their investment. By their actions, Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5]. This Court has federal question jurisdiction over this matter.

Defendants deny they violated either statute. Defendants contest the Commission's jurisdiction over this matter, and particularly whether the relevant transactions involved "securities" as defined by federal law. Defendants further contend that none of the alleged statements or omissions at issue were materially misleading or untrue, Defendants acted in good faith and without a relevant culpable mental state concerning any relevant statements or omissions made. Defendants also contend that none of the alleged statements or omissions were made in the offer or sale of any securities, or in connection with the purchase or sale of any security. Defendants may raise additional defenses as may be appropriate.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

1. **Alternative Dispute Resolution (ADR).**

The parties do not believe alternative dispute resolution would be helpful here. On April 7, 2025, during the conferral process, the SEC made a good-faith settlement offer to the Defendants, which the Defendants rejected. It appears from the Defendants' defenses that the core disputes at this stage are legal rather than factual disputes. At this stage, the parties are too far apart in their stated positions that early mediation efforts would not facilitate settlement.

**2. Discovery.**

  **a.** Without leave of court, the parties had agreed as part of their planning discussions that they would exchange Initial Disclosures on or before **May 2, 2025**, after the Scheduling Conference. The Plaintiff served Fed. R. Civ. P. 26(a)(1) Initial Disclosures regarding witnesses and exhibits on **April 24, 2025**. The Defendants filed an unopposed motion for an extension of time to serve initial disclosures. The court granted the motion in part and denied it in part ordering Defendants to serve their Rule 26(a) disclosures, providing a copy to the undersigned's chambers, no later than **April 29, 2025**.

  **b.** To facilitate settlement negotiations and to avoid unnecessary expense, the parties have also agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **May 2, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

c. All discovery must be commenced or served in time to be completed by **March 6, 2026.**

d. The parties agree that principles of comparative fault do not apply.

e. Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **November 17, 2025**, and by defendant by **January 16, 2026**; disclosures and reports by any rebuttal expert(s) must be served by **February 13, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

f. The parties agree physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

g. Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> While the parties anticipate discovery of electronically stored information ("ESI"), the parties do not anticipate any disputes or issues arising from ESI discovery. Indeed, Defendants

already preserved and produced a significant amount of ESI to the SEC during the SEC's investigation. To the extent the SEC seeks additional document discovery from Defendants, it will do so in a manner designed to avoid redundant requests for ESI. Further, the SEC is prepared to copy any discoverable ESI in its possession, custody, and control onto a hard drive and provide a corresponding index for Defendants' review. Whenever feasible, the parties will produce all electronically stored information ("ESI") in bates-stamped, OCR text, or tiff format. Alternatively, if unable to produce ESI in such a manner, the parties will produce the information in the existing stored format. The parties further agree that they will maintain all relevant ESI in its original format until final resolution of this matter.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties have agreed that if any party inadvertently produces ESI or other documents that the producing party claims after production are privileged, the producing party will notify the opposing party promptly after learning that an inadvertent production of privileged material has occurred. *See* FRE 502. Further, the receiving party shall promptly return, sequester, or destroy the material in question, and must take reasonable steps to retrieve the information from third parties, including expert witnesses. However, the parties reserve their right to claim the disclosed information was not privileged, or that the privilege was waived, and submit the matter to the Court if an agreement cannot be reached.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None.

**j.** No party may serve more than **25** interrogatories, including all discrete subparts, on any other party.

5

**k.** No more than **10** depositions may be taken by plaintiff, and no more than **10** depositions may be taken by all defendants. Each deposition must be limited to **7 hours**. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**l.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **May 9, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **May 16, 2025**.

**m.** The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**n.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and

inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.    Motions**

   **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 12, 2025**.

   **b.**    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 24, 2026.** The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

   **c.**    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **April 24, 2026**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually *talk* with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** A status conference prior to the pretrial conference is not requested.

**b.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **March 27, 2026 at 11:00 a.m. via Zoom.** Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **March 20, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**c.** The parties expect the jury trial of this case to take approximately 7 trial days. This case is set for trial beginning on **September 1, 2026** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial

judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

  **d.**  If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

  **e.**  This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 2, 2025, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **May 9, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **May 16, 2025** |
| Motions to amend | **June 12, 2025** |
| ADR report filed by Defendant | **14 days after mediation** |
| Experts disclosed by Plaintiff | **November 17, 2025** |
| Experts disclosed by Defendant | **January 16, 2026** |
| Rebuttal experts disclosed | **February 13, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **March 6, 2026** |
| Proposed pretrial order due | **March 20, 2026** |
| Pretrial conference | **March 27, 2026 at 11:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **April 24, 2026** |
| Motions challenging admissibility of expert testimony | **April 24, 2026** |
| Trial @ **Kansas City**; ETT: **[7]** days | **September 1, 2026** |