IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

U.S. SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                    Case No. 2:24-cv-02437-KHV-GEB

ANTHEM HAYEK BLANCHARD and
ANTHEM HOLDINGS COMPANY,

    Defendants.

**DEFENDANT ANTHEM HAYEK BLANCHARD'S MOTION TO QUASH
SUBPOENA DUCES TECUM ISSUED TO COINBASE, INC.,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(c), and 45(d)(3), Defendant Anthem

Hayek Blanchard ("Mr. Blanchard"), appearing pro se, respectfully moves the Court to quash the

subpoena duces tecum issued by Plaintiff U.S. Securities and Exchange Commission ("SEC") to

Coinbase, Inc. ("Coinbase"), or, in the alternative, to enter a protective order narrowing its scope.

I. INTRODUCTION

This motion concerns a third-party subpoena that is not tethered to the claims or defenses in this

case, but instead seeks broad categories of information based on an admitted lack of knowledge

as to what relevant information exists.

During the parties' meet-and-confer, the SEC expressly stated that it would not narrow the

subpoena because it "doesn't know what it doesn't know" and "cannot rely solely on Defendants'

identification of relevant accounts." The SEC further confirmed that the parties are at an impasse and that it will not narrow the subpoena, placing the burden on Mr. Blanchard to seek relief from the Court.

The Federal Rules do not permit discovery based on such open-ended rationale. Rule 26(b)(1) requires that discovery be relevant and proportional to the needs of the case. Rule 45 requires that subpoenas avoid undue burden and be appropriately limited.

Because the subpoena seeks expansive categories of information untethered to the specific allegations in the Complaint—and because the SEC has refused to narrow its scope despite good-faith efforts—the subpoena should be quashed or, at minimum, narrowed.

## II. PROCEDURAL BACKGROUND

On April 3, 2026, the SEC served a Notice of Intent to Serve Subpoena Duces Tecum on Coinbase seeking broad categories of documents, including internal compliance/review materials, all communications, IP/device/geolocation data, API-related information, affiliate/ referral data, and other categories not limited to specific accounts or transactions alleged in the Complaint.

On April 6, 2026, Mr. Blanchard objected in writing, reserved all rights, and requested a meet-and-confer.

On April 8, 2026, the parties conferred by telephone, and Mr. Blanchard sent a written recap that same day.

The SEC responded confirming that the parties are at an impasse and that it would not narrow the subpoena, placing the burden on Mr. Blanchard to seek relief from the Court.

The subpoena return date is May 4, 2026. Discovery closes June 5, 2026.

III. LEGAL STANDARD

Under Rule 26(b)(1), discovery must be relevant to any party's claim or defense and proportional to the needs of the case. Rule 45(d)(1) requires the issuing party to avoid imposing undue burden. Rule 45(d)(3)(A) mandates that the Court quash or modify a subpoena that subjects a person to undue burden. Rule 26(c) authorizes a protective order.

IV. ARGUMENT

A. The Subpoena Violates Rule 26(b)(1) Because It Is Not Proportional to the Needs of the Case

Rule 26(b)(1) requires that discovery be both relevant and proportional. The proportionality requirement is not optional; it is a core limitation on the scope of discovery.

Here, the SEC has expressly justified the breadth of its subpoena on the basis that it "doesn't know what it doesn't know" and cannot rely on Defendants' identification of relevant accounts. This rationale is fundamentally inconsistent with Rule 26(b)(1).

Discovery is not a license for open-ended exploration untethered to the claims at issue. Rather, it must be directed to specific, relevant matters and tailored to the needs of the case.

The subpoena instead seeks expansive categories of information—including internal compliance and review materials, IP/device/geolocation data, API-related information, affiliate/referral data, and broad categories of communications—without limitation to specific accounts, transactions, or conduct alleged in the Complaint.

The SEC's position effectively converts discovery into a generalized search for information that might later be deemed relevant. That is precisely the type of disproportional discovery the Federal Rules were amended to prevent.

Moreover, the information sought can be obtained through less burdensome and more targeted means, including targeted party discovery, depositions, and requests limited to the specific accounts or transactions at issue. The SEC has declined to pursue such narrowing.

Accordingly, the subpoena exceeds the permissible scope of Rule 26(b)(1) and should be quashed or modified.

B. The Subpoena Imposes Undue Burden Under Rule 45

Rule 45 requires the issuing party to avoid imposing undue burden on a third party and mandates that courts quash or modify subpoenas that fail to do so.

The subpoena's sweeping categories impose substantial burden on Coinbase, a non-party, by requiring the collection and production of broad categories of data without meaningful limitation.

This includes sensitive categories such as device information, geolocation data, and internal compliance materials, and risks disclosure of personal and third-party information not relevant to the claims or defenses.

The SEC has refused to narrow these categories despite being given the opportunity to do so.

C. Mr. Blanchard's Motion Is Properly Limited to His Personal Accounts

Mr. Blanchard appears pro se on his own behalf only and does not represent Anthem Holdings Company. This motion is therefore limited to his personal Coinbase accounts.

Even within that scope, however, the subpoena remains overbroad and disproportionate.

D. The Parties Have Satisfied the Meet-and-Confer Requirement and Reached an Impasse

Mr. Blanchard raised his objections promptly and in good faith and requested a meet-and-confer. The parties conferred by telephone and followed up in writing.

The SEC confirmed that it would not narrow the subpoena and acknowledged that the parties are at an impasse.

Further meet-and-confer efforts would be futile.

V. REQUEST FOR RELIEF

WHEREFORE, Defendant Anthem Hayek Blanchard respectfully requests that the Court:

1. Quash the subpoena to the extent it seeks categories of information not limited to specific accounts, transactions, or conduct relevant to the claims or defenses in this action;

2. In the alternative, enter a protective order narrowing the subpoena to information that is relevant and proportional under Rule 26(b)(1), including limiting requests to specific accounts, transactions, and reasonable time periods;

3. Stay compliance with the subpoena pending resolution of this motion; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthem Hayek Blanchard
Anthem Hayek Blanchard (pro se)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

Dated: April 10, 2026

CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I filed the foregoing with the Clerk of the Court using the

CM/ECF system, which will send notice to all counsel of record.


/s/ Anthem Hayek Blanchard

-------------------------------------------------------------
EXHIBIT A
April 6, 2026 Email from Defendant

From: **Anthem H Blanchard** anthemhayek@me.com

Subject: **Re: SEC v. Anthem – Notice of Intent to Serve Subpoena**

Date: **April 6, 2026 at 5:11:22 PM**

To: **Stamper, Jessica (Contractor)** StamperJe@sec.gov, **Yeates, Rachel** YeatesR@SEC.GOV, **Lieberman, Sharan** LiebermanS@SEC.GOV

Bcc: **Anthem Blanchard** anthemhayek@me.com

---

Ms. Yeates, Ms. Lieberman, and Ms. Stamper:

I acknowledge receipt of the SEC's April 3, 2026 Notice of Intent to Serve Subpoena to Coinbase, Inc. and the attached proposed subpoena.

I am reviewing the scope of the requests. Several categories appear broader than necessary, including requests for internal Coinbase compliance or review materials, all communications with Coinbase, IP/device/geolocation data, API-related information, affiliate/referral information, and other categories that may exceed what is relevant and proportional to the claims and defenses at issue or sweep in sensitive personal or third-party information.

Accordingly, I reserve all rights with respect to the scope, relevance, proportionality, confidentiality, and permissible use of any materials sought or obtained pursuant to the subpoena, including the right to seek appropriate relief if necessary.

To avoid unnecessary motion practice, please let me know your availability this week for a meet-and-confer regarding reasonable narrowing, treatment of sensitive information, and related discovery logistics. I also request that any non-privileged Coinbase materials the SEC receives and intends to rely upon in discovery, motion practice, or deposition preparation be promptly produced to me.

I am also willing to discuss deposition scheduling in the same call if that is more efficient.

Respectfully,

Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com

4/10/26, 7:57 AM                                          iCloud Mail

Cell: 1-702-569-3431

On Apr 3, 2026, at 4:03 PM, "Stamper, Jessica (Contractor)" <StamperJe@sec.gov> wrote:

Good Afternoon,

Please find attached a Notice of Intent to Serve a subpoena in the above-referenced matter on this case.

If you have any questions, please feel free to reach out to Rachel or Sharan.  Thanks!

Jessie Stamper (Contractor)

Paralegal Journeyman, C2 Alaska LLC

Trial Unit, Division of Enforcement

U.S. Securities and Exchange Commission

Denver Regional Office

1961 Stout Street, Ste. 1700

Denver, CO 80294

Ph. 720-533-4361

<2026.04.03 Notice of Intent to Subpoena to Produce Coinbase.pdf><2026.04.03 Subpoena to Produce Coinbase.pdf>

------------------------------------------------------------
EXHIBIT B
SEC Email Response

From:  Yeates, Rachel YeatesR@SEC.GOV

Subject:  Re: SEC v. Anthem – Notice of Intent to Serve Subpoena

Date:  April 8, 2026 at 12:02:47 PM

To:  Anthem Blanchard anthemhayek@me.com

Cc:  Lieberman, Sharan LiebermanS@SEC.GOV

---

Hi Anthem,

Thank you again for the call just now. As discussed, I am emailing you to confirm our conversation about where things stand on deposition dates and the Coinbase subpoena.

With respect to the deposition dates, the discovery cutoff for both sides is on June 5th, which limits availability. Last week we proposed May 4th-6th and the week of May 18th. As of today, you are unable to confirm your availability for any specific date in May and don't know when you will be able to confirm a date.

This is problematic given the parties' various schedules and time remaining in the discovery period. Unless you provide specific dates by this Friday, April 10th, we will issue the deposition notices on Monday. Again, we are happy to discuss alternate or additional dates if you would like, but we are unable to hold this issue open any longer than this week.

With respect to the Coinbase subpoena, the SEC will of course provide you with all materials we receive in response to the subpoena. We also discussed whether the SEC would agree to narrow the subpoena by account, but we are unwilling to do this, in part because we are unable to accept Defendants' word on which accounts may or may not be relevant to the case. Accordingly, we will not be narrowing the subpoena requests.

If your memory differs with respect to my summary above, please let me know immediately.

Thank you so much.

Sincerely,
Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

OFFICE: +1 303-844-1060

iCloud Mail

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

_____

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 7:36 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you. That time works.

Yes, the number in my signature line is the best way to reach me.

I will be available.

Respectfully,

Anthem Hayek Blanchard (pro se)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

> On Apr 7, 2026, at 4:28 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:
>
> Hi Mr. Blanchard,
>
> We can discuss both topics tomorrow morning. I can call you at 10:30 MST/11:30 CST.
>
> Is the number in your signature line the best way to reach you?
>
> Thank you.

4/10/26, 7:59 AM                                   iCloud Mail

- Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

**OFFICE**: +1 303-844-1060

**MOBILE**: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

---

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 3:24 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you for your response.

I am available to confer regarding the Coinbase subpoena tomorrow or Thursday between 10:30 a.m. and 12:00 p.m. Mountain Time. If neither window works, please let me know your availability and I will do my best to accommodate.

I am prepared to discuss narrowing of the subpoena requests, including scope and proportionality, treatment of sensitive information, and related discovery issues.

With respect to deposition scheduling, I am working in good faith to address that promptly. As to my own deposition, I am generally available in the proposed May window, subject to confirming logistics and resolving remaining issues regarding format and location. For clarity, I am not in a position to state Mrs. Blanchard's position or availability.

For efficiency, I suggest we address on the same call the remaining deposition logistics, including location and format, and whether a neutral Tulsa location or remote arrangement

would be appropriate.

Respectfully,

Anthem Hayek Blanchard (pro se)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

> On Apr 7, 2026, at 12:20 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:
>
>
> Hi Mr. Blanchard,
>
> Thank you for your email. I am happy to confer regarding the Coinbase subpoena. Please let me know what times tomorrow or Thursday work for you.
>
> In the meantime, please let us know which of the proposed depositions dates work for you. That issue has been pending for some time.
>
> Thank you so much.
>
>    - Rachel
>
> Rachel E. Yeates
>
> Trial Attorney
>
> Denver Regional Office
>
>
> **OFFICE**: +1 303-844-1060
>
> **MOBILE**: +1 720-412-3391
>
> Yeatesr@sec.gov
>
> Image
>
> Title: SEC logo
>
> _____
>
> From: Anthem H Blanchard <anthemhayek@me.com>
>
> Date: Monday, April 6, 2026 at 4:11 PM
>
> To: Stamper, Jessica (Contractor) <StamperJe@sec.gov>, Yeates, Rachel <YeatesR@SEC.GOV>,
>
> Lieberman, Sharan <LiebermanS@SEC.GOV>

4/10/26, 7:59 AM

iCloud Mail

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates, Ms. Lieberman, and Ms. Stamper:

I acknowledge receipt of the SEC's April 3, 2026 Notice of Intent to Serve Subpoena to Coinbase, Inc. and the attached proposed subpoena.

I am reviewing the scope of the requests. Several categories appear broader than necessary, including requests for internal Coinbase compliance or review materials, all communications with Coinbase, IP/device/geolocation data, API-related information, affiliate/referral information, and other categories that may exceed what is relevant and proportional to the claims and defenses at issue or sweep in sensitive personal or third-party information.

Accordingly, I reserve all rights with respect to the scope, relevance, proportionality, confidentiality, and permissible use of any materials sought or obtained pursuant to the subpoena, including the right to seek appropriate relief if necessary.

To avoid unnecessary motion practice, please let me know your availability this week for a meet-and-confer regarding reasonable narrowing, treatment of sensitive information, and related discovery logistics. I also request that any non-privileged Coinbase materials the SEC receives and intends to rely upon in discovery, motion practice, or deposition preparation be promptly produced to me.

I am also willing to discuss deposition scheduling in the same call if that is more efficient.

Respectfully,

Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

> On Apr 3, 2026, at 4:03 PM, "Stamper, Jessica (Contractor)" <StamperJe@sec.gov> wrote:

Good Afternoon,

Please find attached a Notice of Intent to Serve a subpoena in the above-referenced matter on this case.

If you have any questions, please feel free to reach out to Rachel or Sharan.  Thanks!

Jessie Stamper (Contractor)

Paralegal Journeyman, C2 Alaska LLC

Trial Unit, Division of Enforcement

U.S. Securities and Exchange Commission

Denver Regional Office

1961 Stout Street, Ste. 1700

Denver, CO 80294

Ph. 720-533-4361

<2026.04.03 Notice of Intent to Subpoena to Produce Coinbase.pdf><2026.04.03 Subpoena to Produce Coinbase.pdf>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

Case 2:24-cv-02437-KHV-GEB    Document 64    Filed 04/10/26    Page 18 of 37

4/10/26, 7:59 AM

iCloud Mail



img-d97c1c...0bbe40aecd
214 bytes

img-cf2b6c...2681215901
26 KB

https://www.icloud.com/mail/                                                                                      7/7

-------------------------------------------------------------

EXHIBIT C
Meet-and-Confer Recap

From:   Anthem H Blanchard anthemhayek@me.com

Subject:   Re: SEC v. Anthem – Notice of Intent to Serve Subpoena

Date:   April 8, 2026 at 12:38:02 PM

To:   Yeates, Rachel YeatesR@SEC.GOV, Lieberman, Sharan LiebermanS@SEC.GOV

---

Ms. Yeates and Ms. Lieberman,

Thank you for your follow-up email and for confirming the substance of our call this morning.

With respect to deposition scheduling, I want to clarify that I am working in good faith to provide availability and remain generally available within the May window previously discussed. However, as noted during the call and in my April 7 email, there are outstanding logistical and format issues — including location and whether a neutral Tulsa venue or remote arrangement is appropriate — that need to be addressed before specific dates can be finalized. I remain willing to continue working with you promptly to resolve those issues.

To confirm my understanding of our discussion regarding the Coinbase subpoena:
• The SEC confirmed it is not willing to narrow the Coinbase subpoena to specific accounts or transactions identified in the Complaint, taking the position that it must review the full scope of potential accounts because "we don't know what we don't know," including that it cannot rely solely on Defendants' identification of relevant accounts.
• I expressed my concern that the current scope sweeps broadly across internal compliance/review materials, IP/device/geolocation data, API-related information, affiliate/referral data, and other categories that are not limited to the specific allegations in the Complaint and appear broader than necessary and not proportional to the needs of the case under Rule 26(b)(1) and Rule 45(d)(1).
• I confirmed willingness to narrow the "all communications" category to communications tied directly to the specific accounts or transactions alleged in the Complaint.
• The SEC confirmed that any non-privileged Coinbase materials received and intended to be relied upon in discovery, motion practice, or at trial will be produced to me promptly.

I also acknowledge the SEC's clarification that, as pro se defendant appearing for myself only, I lack standing to object on behalf of Anthem Holdings Company. Any objections or motion practice I file will therefore be limited to the subpoena's requests directed at my personal Coinbase accounts.

Based on the SEC's position, we have reached an impasse on narrowing the scope of the subpoena.

Please let me know immediately if any of the above does not accurately reflect your understanding of the discussion.

Respectfully,

Anthem Hayek Blanchard (pro se)

Anthem Holdings Company (pending substitute counsel by 4/24/2026)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

On Apr 8, 2026, at 12:02 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:

Hi Anthem,

Thank you again for the call just now. As discussed, I am emailing you to confirm our conversation about where things stand on deposition dates and the Coinbase subpoena.

With respect to the deposition dates, the discovery cutoff for both sides is on June 5th, which limits availability. Last week we proposed May 4th-6th and the week of May 18th. As of today, you are unable to confirm your availability for any specific date in May and don't know when you will be able to confirm a date.

This is problematic given the parties' various schedules and time remaining in the discovery period. Unless you provide specific dates by this Friday, April 10th, we will issue the deposition notices on Monday. Again, we are happy to discuss alternate or additional dates if you would like, but we are unable to hold this issue open any longer than this week.

With respect to the Coinbase subpoena, the SEC will of course provide you with all materials we receive in response to the subpoena. We also discussed whether the SEC would agree to narrow the subpoena by account, but we are unwilling to do this, in part because we are unable to accept Defendants' word on which accounts may or may not be relevant to the case. Accordingly, we will not be narrowing the subpoena requests.

If your memory differs with respect to my summary above, please let me know immediately.

Thank you so much.

Sincerely,

Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

OFFICE: +1 303-844-1060

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

---

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 7:36 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you. That time works.

Yes, the number in my signature line is the best way to reach me.

I will be available.

Respectfully,

Anthem Hayek Blanchard (pro se)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

On Apr 7, 2026, at 4:28 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:

Hi Mr. Blanchard,

We can discuss both topics tomorrow morning. I can call you at 10:30 MST/11:30 CST.

Is the number in your signature line the best way to reach you?

Thank you.

   - Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

**OFFICE**: +1 303-844-1060

**MOBILE**: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

---

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 3:24 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you for your response.

I am available to confer regarding the Coinbase subpoena tomorrow or Thursday between 10:30 a.m. and 12:00 p.m. Mountain Time. If neither window works, please let me know your availability and I will do my best to accommodate.

I am prepared to discuss narrowing of the subpoena requests, including scope and proportionality, treatment of sensitive information, and related discovery issues.

With respect to deposition scheduling, I am working in good faith to address that promptly. As to my own deposition, I am generally available in the proposed May window, subject to confirming logistics and resolving remaining issues regarding format and location. For clarity, I am not in a position to state Mrs. Blanchard's position or availability.

For efficiency, I suggest we address on the same call the remaining deposition logistics, including location and format, and whether a neutral Tulsa location or remote arrangement would be appropriate.

Respectfully,

Anthem Hayek Blanchard (pro se)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

> On Apr 7, 2026, at 12:20 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:
>
> Hi Mr. Blanchard,
>
> Thank you for your email. I am happy to confer regarding the Coinbase subpoena. Please let me know what times tomorrow or Thursday work for you.
>
> In the meantime, please let us know which of the proposed depositions dates work for you. That issue has been pending for some time.
>
> Thank you so much.
>
>     - Rachel
>
> Rachel E. Yeates
> Trial Attorney
> Denver Regional Office

OFFICE: +1 303-844-1060

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

---

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Monday, April 6, 2026 at 4:11 PM

To: Stamper, Jessica (Contractor) <StamperJe@sec.gov>, Yeates, Rachel <YeatesR@SEC.GOV>, Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates, Ms. Lieberman, and Ms. Stamper:

I acknowledge receipt of the SEC's April 3, 2026 Notice of Intent to Serve Subpoena to Coinbase, Inc. and the attached proposed subpoena.

I am reviewing the scope of the requests. Several categories appear broader than necessary, including requests for internal Coinbase compliance or review materials, all communications with Coinbase, IP/device/geolocation data, API-related information, affiliate/referral information, and other categories that may exceed what is relevant and proportional to the claims and defenses at issue or sweep in sensitive personal or third-party information.

Accordingly, I reserve all rights with respect to the scope, relevance, proportionality, confidentiality, and permissible use of any materials sought or obtained pursuant to the subpoena, including the right to seek appropriate relief if necessary.

To avoid unnecessary motion practice, please let me know your availability this week for a meet-and-confer regarding reasonable narrowing, treatment of sensitive information, and related discovery logistics. I also request that any non-privileged Coinbase materials the SEC receives and intends to rely upon in discovery, motion practice, or deposition preparation be promptly produced to me.

I am also willing to discuss deposition scheduling in the same call if that is more efficient.

Respectfully,

Anthem Hayek Blanchard (pro se)

Anthem Holdings Company (pending substitute counsel by 4/24/2026)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

> On Apr 3, 2026, at 4:03 PM, "Stamper, Jessica (Contractor)" <StamperJe@sec.gov> wrote:
>
> Good Afternoon,
>
> Please find attached a Notice of Intent to Serve a subpoena in the above-referenced matter on this case.
>
> If you have any questions, please feel free to reach out to Rachel or Sharan. Thanks!
>
> Jessie Stamper (Contractor)
>
> Paralegal Journeyman, C2 Alaska LLC
>
> Trial Unit, Division of Enforcement
>
> U.S. Securities and Exchange Commission
>
> Denver Regional Office
>
> 1961 Stout Street, Ste. 1700
>
> Denver, CO 80294

Ph. 720-533-4361

<2026.04.03 Notice of Intent to Subpoena to Produce Coinbase.pdf>

<2026.04.03 Subpoena to Produce Coinbase.pdf>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

-------------------------------------------------------------
EXHIBIT D
SEC Impasse Confirmation

From: Yeates, Rachel YeatesR@SEC.GOV

Subject: Re: SEC v. Anthem – Notice of Intent to Serve Subpoena

Date: April 8, 2026 at 1:17:43 PM

To: Anthem Blanchard anthemhayek@me.com

Cc: Lieberman, Sharan LiebermanS@SEC.GOV, Kasper, Gregory KasperG@SEC.GOV

---

Hi Mr. Blanchard,

A few clarifying points, below.

With respect to the depositions, I asked you what logistical and format issues needed to be resolved, and on the phone you said you could not say what those were. We are, however, happy to discuss now.

We earlier agreed with your counsel to an in-person deposition in Tulsa with the venue at a conference room at a local hotel. We are open to discussing other arrangements, but I do not think we will agree to a remote deposition. If you do not agree with the Tulsa location and/or hotel conference room, let us know what you propose instead. Our other options previously included a room within the Department of Justice's office. Additionally, let us know what other "logistical" and "format" issues you believe need to be resolved.

With respect to the Coinbase subpoena, please see my comments in red and bold, below.

Ultimately, I agree that the parties are at an impasse regarding the Coinbase subpoena. As discussed, it is your burden to raise the impasse with the Court should you choose to do so.

Thank you.

    - Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

OFFICE: +1 303-844-1060

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Wednesday, April 8, 2026 at 11:38 AM

To: Yeates, Rachel <YeatesR@SEC.GOV>, Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates and Ms. Lieberman,

Thank you for your follow-up email and for confirming the substance of our call this morning.

With respect to deposition scheduling, I want to clarify that I am working in good faith to provide availability and remain generally available within the May window previously discussed. However, as noted during the call and in my April 7 email, there are outstanding logistical and format issues — including location and whether a neutral Tulsa venue or remote arrangement is appropriate — that need to be addressed before specific dates can be finalized. I remain willing to continue working with you promptly to resolve those issues.

To confirm my understanding of our discussion regarding the Coinbase subpoena:
• The SEC confirmed it is not willing to narrow the Coinbase subpoena to specific accounts or transactions identified in the Complaint, taking the position that it must review the full scope of potential accounts because "we don't know what we don't know," including that it cannot rely solely on Defendants' identification of relevant accounts.
You are correct that the SEC is unwilling to narrow the Coinbase subpoena by account, but it is untrue that we discussed whether we would narrow the subpoena to "accounts or transactions *identified in the Complaint*." No Coinbase account or transaction is identified in the Complaint, nor does it need to be. I did, however, explain how Defendants' use of proceeds is relevant to our fraud claims.
• I expressed my concern that the current scope sweeps broadly across internal compliance/review materials, IP/device/geolocation data, API-related information, affiliate/referral data, and other categories that are not limited to the specific allegations in the Complaint and appear broader than necessary and not proportional to the needs of the case under Rule 26(b)(1) and Rule 45(d)(1).
We did not discuss the specifics you list in your second bullet point (*e.g.*, internal compliance materials, IP data, etc.), although you did note them in your prior email. We contend the requests are proportional to the needs of the case.

• I confirmed willingness to narrow the "all communications" category to communications tied directly to the specific accounts or transactions alleged in the Complaint.
We did not discuss narrowing *communications*. Regardless, the SEC is unable to agree to narrowing communications between Defendants and Coinbase beyond the time-period limitation already contained in the subpoena, for the same reason we cannot narrow by account - we are unable to accept Defendants' word on what is and is not relevant to our claims for relief.
• The SEC confirmed that any non-privileged Coinbase materials received and intended to be relied upon in discovery, motion practice, or at trial will be produced to me promptly.  To be clear, we will produce all documents we receive from Coinbase, whether or not "privileged."

I also acknowledge the SEC's clarification that, as pro se defendant appearing for myself only, I lack standing to object on behalf of Anthem Holdings Company. Any objections or motion practice I file will therefore be limited to the subpoena's requests directed at my personal Coinbase accounts.

Based on the SEC's position, we have reached an impasse on narrowing the scope of the subpoena.

Please let me know immediately if any of the above does not accurately reflect your understanding of the discussion.

Respectfully,
Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

On Apr 8, 2026, at 12:02 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:

Hi Anthem,

Thank you again for the call just now. As discussed, I am emailing you to confirm our conversation about where things stand on deposition dates and the Coinbase subpoena.

With respect to the deposition dates, the discovery cutoff for both sides is on June 5th, which limits availability. Last week we proposed May 4th-6th and the week of May 18th. As of today, you are unable to confirm your availability for any specific date in May and don't know when you will be able to confirm a date.

This is problematic given the parties' various schedules and time remaining in the discovery period. Unless you provide specific dates by this Friday, April 10th, we will issue the deposition notices on Monday. Again, we are happy to discuss alternate or additional dates if you would like, but we are unable to hold this issue open any longer than this week.

With respect to the Coinbase subpoena, the SEC will of course provide you with all materials we receive in response to the subpoena. We also discussed whether the SEC would agree to narrow the subpoena by account, but we are unwilling to do this, in part because we are unable to accept Defendants' word on which accounts may or may not be relevant to the case. Accordingly, we will not be narrowing the subpoena requests.

If your memory differs with respect to my summary above, please let me know immediately.

Thank you so much.

Sincerely,
Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

OFFICE: +1 303-844-1060

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 7:36 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you. That time works.

Yes, the number in my signature line is the best way to reach me.

I will be available.

Respectfully,

Anthem Hayek Blanchard (pro se)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

> On Apr 7, 2026, at 4:28 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:
>
>
> Hi Mr. Blanchard,
>
> We can discuss both topics tomorrow morning. I can call you at 10:30 MST/11:30 CST.
>
> Is the number in your signature line the best way to reach you?
>
> Thank you.
>
>     - Rachel
>
> Rachel E. Yeates
> Trial Attorney
> Denver Regional Office
>
> OFFICE: +1 303-844-1060
> MOBILE: +1 720-412-3391
> Yeatesr@sec.gov
> Image
> Title: SEC logo

iCloud Mail

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Tuesday, April 7, 2026 at 3:24 PM

To: Yeates, Rachel <YeatesR@SEC.GOV>

Cc: Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates,

Thank you for your response.

I am available to confer regarding the Coinbase subpoena tomorrow or Thursday between 10:30 a.m. and 12:00 p.m. Mountain Time. If neither window works, please let me know your availability and I will do my best to accommodate.

I am prepared to discuss narrowing of the subpoena requests, including scope and proportionality, treatment of sensitive information, and related discovery issues.

With respect to deposition scheduling, I am working in good faith to address that promptly. As to my own deposition, I am generally available in the proposed May window, subject to confirming logistics and resolving remaining issues regarding format and location. For clarity, I am not in a position to state Mrs. Blanchard's position or availability.

For efficiency, I suggest we address on the same call the remaining deposition logistics, including location and format, and whether a neutral Tulsa location or remote arrangement would be appropriate.

Respectfully,

Anthem Hayek Blanchard (pro se)

414 SE Washington Blvd., #205

Bartlesville, OK 74006

anthemhayek@me.com

Cell: 1-702-569-3431

> On Apr 7, 2026, at 12:20 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:

4/10/26, 8:05 AM                                                   iCloud Mail

Hi Mr. Blanchard,

Thank you for your email. I am happy to confer regarding the Coinbase subpoena. Please let me know what times tomorrow or Thursday work for you.

In the meantime, please let us know which of the proposed depositions dates work for you. That issue has been pending for some time.

Thank you so much.

    - Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

OFFICE: +1 303-844-1060

MOBILE: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

---

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Monday, April 6, 2026 at 4:11 PM

To: Stamper, Jessica (Contractor) <StamperJe@sec.gov>, Yeates, Rachel <YeatesR@SEC.GOV>,

Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Yeates, Ms. Lieberman, and Ms. Stamper:

I acknowledge receipt of the SEC's April 3, 2026 Notice of Intent to Serve Subpoena to Coinbase, Inc. and the attached proposed subpoena.

I am reviewing the scope of the requests. Several categories appear broader than necessary, including requests for internal Coinbase compliance or review materials, all communications with Coinbase, IP/device/geolocation data, API-related

information, affiliate/referral information, and other categories that may exceed what is relevant and proportional to the claims and defenses at issue or sweep in sensitive personal or third-party information.

Accordingly, I reserve all rights with respect to the scope, relevance, proportionality, confidentiality, and permissible use of any materials sought or obtained pursuant to the subpoena, including the right to seek appropriate relief if necessary.

To avoid unnecessary motion practice, please let me know your availability this week for a meet-and-confer regarding reasonable narrowing, treatment of sensitive information, and related discovery logistics. I also request that any non-privileged Coinbase materials the SEC receives and intends to rely upon in discovery, motion practice, or deposition preparation be promptly produced to me.

I am also willing to discuss deposition scheduling in the same call if that is more efficient.

Respectfully,

Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

> On Apr 3, 2026, at 4:03 PM, "Stamper, Jessica (Contractor)" <StamperJe@sec.gov> wrote:
>
> Good Afternoon,
>
> Please find attached a Notice of Intent to Serve a subpoena in the above-referenced matter on this case.

If you have any questions, please feel free to reach out to Rachel or Sharan.
Thanks!


Jessie Stamper (Contractor)

Paralegal Journeyman, C2 Alaska LLC

Trial Unit, Division of Enforcement

U.S. Securities and Exchange Commission

Denver Regional Office

1961 Stout Street, Ste. 1700

Denver, CO 80294

Ph. 720-533-4361


<2026.04.03 Notice of Intent to Subpoena to Produce Coinbase.pdf>
<2026.04.03 Subpoena to Produce Coinbase.pdf>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>

<img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd><img-cf2b6cbc-d37a-4688-9055-962681215901>



| img-d97c1c...0bbe40aecd | img-cf2b6c...2681215901 |
| --- | --- |
| 214 bytes | 26 KB |