IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

U.S. SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.                                    Case No. 2:24-cv-02437-KHV-GEB

ANTHEM HAYEK BLANCHARD, et al.,

Defendants.

DEFENDANT ANTHEM HAYEK BLANCHARD'S POSITION STATEMENT REGARDING
COINBASE SUBPOENA

Defendant Anthem Hayek Blanchard, appearing pro se and individually, respectfully submits this
Position Statement pursuant to the Court's April 17, 2026 Order.

Defendant does not seek to prevent appropriately tailored third-party discovery from Coinbase,
Inc. Rather, Defendant seeks limited modification of requests that exceed the relevance and
proportionality limits of Federal Rule of Civil Procedure 26(b)(1), together with reasonable
protection for sensitive personal and technical information.

I. Background

On April 3, 2026, Plaintiff served a Notice of Intent to Serve Subpoena Duces Tecum directed to Coinbase, Inc. Ex. 1. The proposed subpoena seeks records for the period May 1, 2019 through January 1, 2023, including account-identification materials, transaction histories, communications, device and location data, internal compliance materials, and technical account data. Ex. 1.

On April 6, 2026, Defendant responded promptly, identified specific scope concerns, requested a meet-and-confer regarding reasonable narrowing and treatment of sensitive information, and requested contemporaneous production of materials received from Coinbase. Ex. 2.

The parties thereafter conferred. On April 8, 2026, Plaintiff stated that it would not narrow the subpoena by account, would not narrow communications beyond the stated time period, contended the requests were proportional, and acknowledged that the parties were at an impasse regarding the Coinbase subpoena. Ex. 3.

II. Governing Standards

Rule 26(b)(1) permits discovery of nonprivileged matters relevant to claims or defenses and proportional to the needs of the case, considering the importance of the issues, amount in controversy, access to information, resources, importance of the discovery, and whether burden or expense outweighs likely benefit.

Rule 45 subpoenas remain subject to those same limits. Courts may modify or limit subpoenas that are overbroad, seek irrelevant matter, or impose undue burden. See *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL, 2017 WL 1650757, at *3 (D. Kan. May 2, 2017);

*Martinelli v. Petland, Inc.,* No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010).

Defendant limits this request to materials affecting his own personal privacy and interests and does not purport to represent any separate entity in this filing.

III. Specific Requests Warranting Modification

A. Device, Session, and Geolocation Data

The subpoena seeks "all IP-address logs, session logs, login history, device identifiers, geolocation data, and any related security logs." Ex. 1.

These categories implicate sensitive location and device information. On the current record, Plaintiff has not shown why the full sweep of such technical data is necessary as opposed to narrower account and transactional records.

B. All Communications

The subpoena seeks "all Communications between Coinbase and the Company or Blanchard," including emails, customer support communications, compliance inquiries, and notifications. Ex. 1.

A blanket request for all communications is broader than necessary. If communications are relevant, they may be reasonably limited to communications concerning accounts, transactions, access issues, restrictions, or compliance actions during the relevant period.

C. Internal Compliance / Risk Materials

The subpoena seeks "all internal Coinbase notes," including compliance reviews, fraud or AML flags, risk scoring, monitoring reports, and on-chain analytics. Ex. 1.

These requests seek internal third-party analyses rather than merely factual account records. At minimum, they should be limited to factual materials directly reflecting any account restrictions, holds, freezes, or communications involving Defendant.

D. API / Technical Integration Data

The subpoena seeks "all Documents reflecting API keys, permissions, usage logs, automated trading activity, or third-party integrations." Ex. 1.

These are sensitive technical categories. Absent a more particularized showing of need, they are disproportionate in scope.

IV. Proportionality Considerations

Defendant recognizes that Plaintiff may seek relevant account and transaction records. However, requests for all device identifiers, geolocation data, internal analytics, and unrestricted communications reach materially beyond core tracing information.

The likely benefit of such expansive categories is limited where narrower transactional records are available, while the requested scope increases privacy concerns and extends beyond what is reasonably necessary to resolve the claims at issue. Rule 26(b)(1) favors targeted discovery over unnecessarily sweeping requests.

V. Defendant Does Not Oppose Core Transactional Records

Defendant does not principally object to appropriately tailored production of:

1. Account ownership and identity records;

2. Basic onboarding / verification materials;

3. Transaction histories;

4. Wallet addresses associated with relevant accounts; and

5. Sources and destinations of deposits and withdrawals.

This filing therefore seeks narrowing, not obstruction.

VI. Requested Relief

Defendant respectfully requests that the Court direct that the subpoena be modified or produced subject to the following conditions:

1. Production may proceed as to core account-identification and transactional records during the relevant period;

2. Requests for "all Communications" be limited to communications concerning relevant accounts, transactions, access issues, restrictions, or compliance actions;

3. Requests for device identifiers, session logs, geolocation data, and API-related technical data be denied without prejudice or narrowed upon a specific showing of need;

4. Requests for internal Coinbase compliance, risk, AML, monitoring, or analytical materials be limited to factual materials directly concerning Defendant's accounts or any restrictions thereon;

5. Non-privileged materials produced by Coinbase be provided to Defendant contemporaneously with production to Plaintiff; and

6. The Court grant such further protective conditions as it deems just and proper.

VII. Conclusion

Defendant respectfully submits that this targeted approach balances Plaintiff's legitimate discovery interests with Rule 26 proportionality principles and Rule 45 protections, and is consistent with the parties' conferral record and the Court's April 17, 2026 Order.

Respectfully submitted,

/s/ Anthem Hayek Blanchard
Anthem Hayek Blanchard, pro se
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
702-569-3431

------------------------------------------------------------
EXHIBIT 1
Notice of Intent to Serve Subpoena Duces Tecum

and Proposed Coinbase Subpoena

(April 3, 2026)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

ANTHEM HAYEK BLANCHARD AND
ANTHEM HOLDINGS COMPANY,

      Defendants.

Case No. 2:24-cv-2437-KHV-GEB

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S
NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that Plaintiff Securities and Exchange Commission, pursuant

to Rule 45 of the Federal Rules of Civil Procedure, hereby provides notice that it intends to

serve the following subpoena duces tecum upon Coinbase, Inc., attached hereto as Exhibit A:

Dated: April 3, 2026

/s/ *Rachel Yeates*
Rachel E. Yeates
Sharan E. Lieberman
SECURITIES AND EXCHANGE COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
yeatesr@sec.gov
liebermans@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

**Certificate of Service**

I hereby certify that on April 3, 2026, I served the foregoing document on the following via email:

Anthem Hayek Blanchard (*pro se*)
Anthem Holdings Company (*pending substitute counsel*)
414 SE Washington Blvd., #205
Bartlesville, OK, 74006
anthemhayek@me.com


/s/  *Rachel E. Yeates*

**Attachment A**

<u>Definitions and Instructions</u>

1.  The term "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, facsimiles, messages of any type, calendar entries/invitations, telephone messages, text messages, emails, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

2.  "You" and "Your" means Coinbase, Inc. ("Coinbase") and/or any employee, agent, or person authorized to act on behalf of Coinbase.

3.  Anthem Blanchard ("Blanchard") shall include Anthem Blanchard and any representative and/or agent of Anthem Blanchard.

4.  The "Company" means "Anthem Holdings Company" and shall include any employee and/or representative of the Company, including Anthem Blanchard.

5.  "Subsidiary" or "Subsidiaries" means the Company's subsidiaries, including:
    a.  Hera Software Development, Inc.;
    b.  AnthemGold, Inc.;
    c.  Anthem Vault, Inc.;
    d.  Anthem Hayek LLC; and
    e.  AG Herc. Inc.

6.  The "Relevant Period" is May 1, 2019 through January 1, 2023, unless otherwise specified.

# Documents to be Produced

Please produce the information identified in the requests below.

1. All Documents sufficient to identify each and every Coinbase account associated with the Company and/or Blanchard, including:
   - Names, legal entities, and beneficial owners;
   - Email addresses, phone numbers, device data, and identity verification materials (KYC); and
   - Linked bank accounts, credit cards, payment methods, IP logs, and device fingerprints.
2. All Documents reflecting account opening materials, onboarding documents, KYC/KYB submissions, verification records, changes to account information, and any compliance flags or notes.
3. All Documents sufficient to identify any blockchain wallet addresses—custodial or non-custodial—associated with the Company or Blanchard through Coinbase.
4. Complete transaction histories for all Coinbase accounts associated with the Company or Blanchard, including:
   - Purchases, sales, conversions, trades, deposits, withdrawals, transfers
   - Crypto-to-crypto and crypto-to-fiat movements
   - Transaction hashes, timestamps, fees, counterparties if known
   - Internal Coinbase ledger entries and audit logs
5. All Documents reflecting staking, lending, borrowing, margin, derivatives, or advanced trading activity involving the Company or Blanchard.
6. All wallet activity logs, including generated addresses, deposit/withdrawal addresses, whitelists, and blockchain transaction IDs associated with those wallets.
7. All IP-address logs, session logs, login history, device identifiers, geolocation data, and any related security logs.
8. All Communications between Coinbase and the Company or Blanchard, including emails, in-platform messages, notifications, customer support communications, compliance inquiries, verification requests, and account restriction notices.
9. All internal Coinbase notes, including
   - Compliance reviews
   - Fraud or AML flags
   - SAR-related communications (excluding SARs themselves, which cannot be produced)
   - Risk scoring or monitoring reports
   - On-chain analytics performed internally or by third parties (e.g., Chainalysis)
10. All Documents relating to any compliance review, AML investigation, fraud inquiry, account freeze, transaction hold, or security alert involving the Company or Blanchard.
11. All Documents relating to any reported suspicious activity, including communications that formed the basis for Coinbase's review (but excluding the SAR itself).
12. All Documents reflecting sources of funds and destinations of withdrawals, including ACH, wire, card payments, PayPal, or other connected financial rails.

13. All Documents concerning any chargebacks, disputed transactions, reversals, account balance issues, or account-level escalations involving the Company or Blanchard.
14. All Documents reflecting Coinbase Pro, Merchant, Commerce, Institutional, or Prime account agreements or onboarding materials.
16. All Documents showing referral activity, affiliate links, or connected accounts tied to the Company or Blanchard.
17. All Documents reflecting API keys, permissions, usage logs, automated trading activity, or third-party integrations.
18. Any account closure records, including requests to close accounts, Coinbase's internal review, and final account disposition.

------------------------------------------------------------
EXHIBIT 2

Defendant's April 6, 2026

Conferral Correspondence Regarding Coinbase Subpoena

From:  Anthem H Blanchard anthemhayek@me.com

Subject:  Re: SEC v. Anthem – Notice of Intent to Serve Subpoena

Date:  April 6, 2026 at 5:11:22 PM

To:  Stamper, Jessica (Contractor) StamperJe@sec.gov,  Yeates, Rachel YeatesR@SEC.GOV,
Lieberman, Sharan LiebermanS@SEC.GOV

Bcc:  Anthem Blanchard anthemhayek@me.com

---

Ms. Yeates, Ms. Lieberman, and Ms. Stamper:

I acknowledge receipt of the SEC's April 3, 2026 Notice of Intent to Serve Subpoena to Coinbase, Inc. and the attached proposed subpoena.

I am reviewing the scope of the requests. Several categories appear broader than necessary, including requests for internal Coinbase compliance or review materials, all communications with Coinbase, IP/device/geolocation data, API-related information, affiliate/referral information, and other categories that may exceed what is relevant and proportional to the claims and defenses at issue or sweep in sensitive personal or third-party information.

Accordingly, I reserve all rights with respect to the scope, relevance, proportionality, confidentiality, and permissible use of any materials sought or obtained pursuant to the subpoena, including the right to seek appropriate relief if necessary.

To avoid unnecessary motion practice, please let me know your availability this week for a meet-and-confer regarding reasonable narrowing, treatment of sensitive information, and related discovery logistics. I also request that any non-privileged Coinbase materials the SEC receives and intends to rely upon in discovery, motion practice, or deposition preparation be promptly produced to me.

I am also willing to discuss deposition scheduling in the same call if that is more efficient.

Respectfully,

Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com

Cell: 1-702-569-3431

On Apr 3, 2026, at 4:03 PM, "Stamper, Jessica (Contractor)" <StamperJe@sec.gov> wrote:

Good Afternoon,

Please find attached a Notice of Intent to Serve a subpoena in the above-referenced matter on this case.

If you have any questions, please feel free to reach out to Rachel or Sharan.  Thanks!

Jessie Stamper (Contractor)

Paralegal Journeyman, C2 Alaska LLC

Trial Unit, Division of Enforcement

U.S. Securities and Exchange Commission

Denver Regional Office

1961 Stout Street, Ste. 1700

Denver, CO 80294

Ph. 720-533-4361

<2026.04.03 Notice of Intent to Subpoena to Produce Coinbase.pdf><2026.04.03 Subpoena to Produce Coinbase.pdf>

------------------------------------------------------------
EXHIBIT 3

April 8, 2026 Correspondence Regarding Coinbase Subpoena

(SEC Position / Impasse Correspondence)

From: **Yeates, Rachel** YeatesR@SEC.GOV

Subject: **Re: SEC v. Anthem – Notice of Intent to Serve Subpoena**

Date: **April 8, 2026 at 1:17:43 PM**

To: **Anthem Blanchard** anthemhayek@me.com

Cc: **Lieberman, Sharan** LiebermanS@SEC.GOV, **Kasper, Gregory** KasperG@SEC.GOV

---

Hi Mr. Blanchard,

A few clarifying points, below.

With respect to the depositions, I asked you what logistical and format issues needed to be resolved, and on the phone you said you could not say what those were. We are, however, happy to discuss now.

We earlier agreed with your counsel to an in-person deposition in Tulsa with the venue at a conference room at a local hotel. We are open to discussing other arrangements, but I do not think we will agree to a remote deposition. If you do not agree with the Tulsa location and/or hotel conference room, let us know what you propose instead. Our other options previously included a room within the Department of Justice's office. Additionally, let us know what other "logistical" and "format" issues you believe need to be resolved.

With respect to the Coinbase subpoena, please see my comments in <span style="color:red">red</span> and bold, below.

Ultimately, I agree that the parties are at an impasse regarding the Coinbase subpoena. As discussed, it is your burden to raise the impasse with the Court should you choose to do so.

Thank you.

    - Rachel

Rachel E. Yeates

Trial Attorney

Denver Regional Office

**OFFICE**: +1 303-844-1060

**MOBILE**: +1 720-412-3391

Yeatesr@sec.gov

Image

Title: SEC logo

From: Anthem H Blanchard <anthemhayek@me.com>

Date: Wednesday, April 8, 2026 at 11:38 AM

To: Yeates, Rachel <YeatesR@SEC.GOV>, Lieberman, Sharan <LiebermanS@SEC.GOV>

Subject: Re: SEC v. Anthem - Notice of Intent to Serve Subpoena

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Ms. Yeates and Ms. Lieberman,

Thank you for your follow-up email and for confirming the substance of our call this morning.

With respect to deposition scheduling, I want to clarify that I am working in good faith to provide availability and remain generally available within the May window previously discussed. However, as noted during the call and in my April 7 email, there are outstanding logistical and format issues — including location and whether a neutral Tulsa venue or remote arrangement is appropriate — that need to be addressed before specific dates can be finalized. I remain willing to continue working with you promptly to resolve those issues.

To confirm my understanding of our discussion regarding the Coinbase subpoena:
• The SEC confirmed it is not willing to narrow the Coinbase subpoena to specific accounts or transactions identified in the Complaint, taking the position that it must review the full scope of potential accounts because "we don't know what we don't know," including that it cannot rely solely on Defendants' identification of relevant accounts.
You are correct that the SEC is unwilling to narrow the Coinbase subpoena by account, but it is untrue that we discussed whether we would narrow the subpoena to "accounts or transactions *identified in the Complaint*." No Coinbase account or transaction is identified in the Complaint, nor does it need to be. I did, however, explain how Defendants' use of proceeds is relevant to our fraud claims.
• I expressed my concern that the current scope sweeps broadly across internal compliance/review materials, IP/device/geolocation data, API-related information, affiliate/referral data, and other categories that are not limited to the specific allegations in the Complaint and appear broader than necessary and not proportional to the needs of the case under Rule 26(b)(1) and Rule 45(d)(1).
We did not discuss the specifics you list in your second bullet point (*e.g.*, internal compliance materials, IP data, etc.), although you did note them in your prior email. We contend the requests are proportional to the needs of the case.

• I confirmed willingness to narrow the "all communications" category to communications tied directly to the specific accounts or transactions alleged in the Complaint.
We did not discuss narrowing *communications*. Regardless, the SEC is unable to agree to narrowing communications between Defendants and Coinbase beyond the time-period limitation already contained in the subpoena, for the same reason we cannot narrow by account - we are unable to accept Defendants' word on what is and is not relevant to our claims for relief.
• The SEC confirmed that any non-privileged Coinbase materials received and intended to be relied upon in discovery, motion practice, or at trial will be produced to me promptly.  To be clear, we will produce all documents we receive from Coinbase, whether or not "privileged."

I also acknowledge the SEC's clarification that, as pro se defendant appearing for myself only, I lack standing to object on behalf of Anthem Holdings Company. Any objections or motion practice I file will therefore be limited to the subpoena's requests directed at my personal Coinbase accounts.

Based on the SEC's position, we have reached an impasse on narrowing the scope of the subpoena.

Please let me know immediately if any of the above does not accurately reflect your understanding of the discussion.

Respectfully,
Anthem Hayek Blanchard (pro se)
Anthem Holdings Company (pending substitute counsel by 4/24/2026)
414 SE Washington Blvd., #205
Bartlesville, OK 74006
anthemhayek@me.com
Cell: 1-702-569-3431

On Apr 8, 2026, at 12:02 PM, "Yeates, Rachel" <YeatesR@SEC.GOV> wrote:

Hi Anthem,

Thank you again for the call just now. As discussed, I am emailing you to confirm our conversation about where things stand on deposition dates and the Coinbase subpoena.