**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**U.S. Securities and Exchange Commission,**
Plaintiff,

v.

**Anthem Hayek Blanchard and Anthem Holdings Company,**
Defendants.

**Civil Action No. 2:24-cv-2437-KHV-GEB**

**MOTION FOR PROTECTIVE ORDER**

Cynthia Blanchard, a non-party witness, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Civil Procedure 45(d)(3) for a protective order modifying the subpoena for deposition served upon her.

In support, Ms. Blanchard states as follows:

## I. INTRODUCTION

Ms. Blanchard is a non-party witness who has been subpoenaed to appear for deposition in the above-captioned matter.

The subpoena provides no limitation on subject matter or scope, thereby exposing Ms. Blanchard to potentially unlimited inquiry, including areas unrelated to the claims at issue.

As a non-party with limited involvement in the matters underlying the litigation, Ms. Blanchard seeks reasonable protection from undue burden, unnecessary intrusion, and questioning beyond the proper scope of discovery.

1

## II. RELEVANT FACTS

1. Ms. Blanchard is not a party to this litigation.

2. Ms. Blanchard held a limited role with respect to the entity at issue, consisting primarily of administrative and coordination-related functions.

3. Ms. Blanchard did not have involvement in the specific activities that form the basis of the claims in this action.

4. The subpoena commands Ms. Blanchard to appear for deposition on May 22, 2026 in Tulsa, Oklahoma, and provides that the deposition will be recorded by video and stenographic means. A copy of the subpoena is attached hereto as Exhibit A. Certain specific deposition logistics (including exact location details) have been redacted herein and from Exhibit A due to documented safety concerns.

5. Ms. Blanchard attempted in good faith to resolve the scope and logistics of the deposition with counsel for the SEC prior to filing this motion, including requesting that the deposition be conducted remotely. Those efforts were not successful, and the parties were unable to reach agreement. A true and correct copy of relevant correspondence is attached as Exhibit B.

6. A true and correct copy of Ms. Blanchard's Declaration is attached hereto as Exhibit C.

7. Ms. Blanchard has a documented safety concern arising from a prior stalking incident that resulted in law enforcement involvement, a protective order, and felony criminal charges against the individual. These matters have been documented in prior court proceedings and filings. The individual is a former employee of Ms. Blanchard's husband's company who, following his termination, has continued to engage in a sustained pattern of targeting Ms. Blanchard and others associated with her. His current

whereabouts are unknown. Given that history, requiring an in-person appearance in connection with this matter raises legitimate safety concerns.

8. The subpoena does not identify any topics, subject matter, or limitations on the scope of questioning.

9. As issued, the subpoena permits potentially unlimited inquiry into matters not connected to the claims or defenses in this action.

10. Ms. Blanchard is willing to comply with a properly limited deposition and has not refused to appear.

11. Because this Motion and Exhibit A will be placed on the public docket, and because any opposition or related filings may reference or attach deposition logistics, Ms. Blanchard faces an increased risk that sensitive location and timing details could become publicly accessible. Given her documented stalking history, this creates an additional and concrete safety concern.

## III. LEGAL STANDARD

Under Rule 26(c), the Court may, for good cause, issue an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense.

Under Rule 45(d)(3), the Court must protect a non-party from subpoenas that impose an undue burden.

Courts recognize that non-parties are entitled to heightened protection from intrusive or overly broad discovery requests. *See* Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) (noting that concerns about burden are entitled to special weight when a subpoena targets a non-party).

## IV. ARGUMENT

### A. The Subpoena Imposes an Undue Burden on a Non-Party

Because the subpoena contains no subject-matter limitations, it subjects Ms. Blanchard to open-ended inquiry, including areas beyond her knowledge and unrelated to the claims at issue.

This creates an undue burden, particularly given her status as a non-party. The Court has an affirmative duty to protect non-parties from undue burden. *See* Fed. R. Civ. P. 45(d)(1); *see also* Mount Hope Church v. Bash Back!, 705 F.3d 418, 429 (9th Cir. 2012).

### B. Discovery Must Be Proportional and Relevant

Under Rule 26(b)(1), discovery must be both relevant and proportional to the needs of the case.

Unlimited inquiry into matters not connected to the claims or defenses in this action, including areas beyond Ms. Blanchard's limited role, is not proportional and does not serve the purposes of discovery. *See* Fed. R. Civ. P. 26(b)(1) (requiring discovery to be proportional to the needs of the case).

### C. A Protective Order Is Necessary to Prevent Intrusive and Irrelevant Inquiry

Absent court intervention, the deposition may extend into areas that:

- Are not connected to the claims or defenses in this action;

- Extend beyond Ms. Blanchard's limited knowledge and role;

- Otherwise lack a direct relationship to the issues in dispute.

A protective order is necessary to ensure that the deposition remains properly focused and does not impose unnecessary burden on a non-party witness.

**D. A Protective Order Is Necessary to Address Documented Safety Concerns**

Ms. Blanchard has a documented safety concern arising from prior stalking conduct that resulted in law enforcement involvement, a protective order, and resulting felony criminal charges. The individual has continued to engage in a sustained pattern of targeting Ms. Blanchard, and his current whereabouts are unknown despite unsuccessful efforts to locate or contact him.

Under Rule 26(c), the Court may issue a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Requiring Ms. Blanchard to appear in person at a publicly identified location under these circumstances presents an unnecessary and avoidable risk that falls squarely within the protections contemplated by the rule. Courts have broad discretion to determine the manner of depositions, including ordering that depositions be conducted remotely where appropriate to reduce burden or address specific concerns. *See* Fed. R. Civ. P. 30(b)(4).

A remote deposition is a reasonable and narrowly tailored accommodation that allows full compliance with the subpoena while materially reducing that risk. Courts routinely permit remote depositions in circumstances where in-person attendance would create unnecessary burden or safety concerns, particularly for non-party witnesses.

These risks are further heightened by the likelihood that deposition logistics may become publicly accessible through court filings, reinforcing that a remote deposition is the least burdensome and safest means of compliance.

## V. REQUESTED RELIEF

Ms. Blanchard respectfully requests that the Court enter an order:

1. Limiting the scope of the deposition to matters reasonably related to the claims and defenses in this action;

2. Prohibiting inquiry into matters not connected to the claims or defenses in this action or beyond Ms. Blanchard's limited role;

3. Requiring the requesting party to provide a reasonable identification of deposition topics in advance;

4. Limiting the deposition to a maximum of four (4) hours;

5. Requiring that the deposition be conducted remotely by video conference;

6. Directing that Exhibit A be accepted in redacted form, and that any filings referencing Ms. Blanchard's deposition redact or file under seal any specific location, address, or detailed timing information;

7. Granting expedited consideration of this Motion in light of the May 22, 2026 deposition date and the need to resolve these issues in advance of that date;

8. Granting such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

Ms. Blanchard is willing to comply with a properly limited deposition. However, as a non-party, she is entitled to protection from undue burden and overly broad inquiry.

For these reasons, she respectfully requests that the Court grant this Motion.

Date: April 30, 2026

Respectfully submitted,

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006.
Email: cdfblanchard@gmail.com.
PH: 310-435-5707

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2026, I filed the foregoing Motion for Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Sharan Lieberman
U.S. Securities and Exchange Commission
1961 Stout Street
Denver, CO 80294

YeatesR@sec.gov
LiebermanS@sec.gov

Cynthia Blanchard, Pro Se
414 SE Washington Blvd., Ste. 205
Bartlesville, OK 74006.
Email: cdfblanchard@gmail.com.
PH: 310-435-5707

# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

District of Kansas

| | |
|---|---|
| U.S. Securities and Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-cv-2437-KHV-GEB |
| ANTHEM HAYEK BLANCHARD and ANTHEM HOLDINGS COMPANY, | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Cynthia Blanchard

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: ███████████████ Tulsa, OK 74103 | Date and Time: 05/22/2026 ███████ |
|---|---|

The deposition will be recorded by this method:  video and stenographic recording.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/15/2026

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | s/ Rachel Yeates |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States Securities and Exchange Commission _____, who issues or requests this subpoena, are:

Rachel Yeates, Sharan Lieberman; SEC, 1961 Stout St, Denver, CO 80294; 303-844-1000; yeatesr@sec.gov

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:24-cv-2437-KHV-GEB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

 **Gmail**

Cynthia French blanchard <cdfblanchard@gmail.com>

## SEC vs. Anthem Holdings Co. et al - Deposition Dates

**Cynthia French blanchard** <cdfblanchard@gmail.com>        Wed, Apr 15, 2026 at 4:05 PM
To: "Yeates, Rachel" <YeatesR@sec.gov>
Cc: "Lieberman, Sharan" <LiebermanS@sec.gov>

Rachel,

I acknowledge receipt of the subpoena regarding the deposition in the above-referenced matter.

I am willing to cooperate and appear for a deposition. As a non-party, I request that the deposition be conducted remotely via Zoom or a similar platform.

Please let me know if that is acceptable or if you would like to discuss coordination further.

Thank you,
Cynthia

[Quoted text hidden]

**2 attachments**

    📄 **img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd**
       1K

    📄 **img-cf2b6cbc-d37a-4688-9055-962681215901**
       19K

 Gmail                                    **Cynthia French blanchard <cdfblanchard@gmail.com>**

## SEC vs. Anthem Holdings Co. et al - Deposition Dates

**Yeates, Rachel** <YeatesR@sec.gov>                                    Wed, Apr 15, 2026 at 4:35 PM
To: Cynthia French blanchard <cdfblanchard@gmail.com>
Cc: "Lieberman, Sharan" <LiebermanS@sec.gov>

Mrs. Blanchard,

Thank you for acknowledging receipt of the subpoena.

Given your role at the company, we cannot agree to a deposition on a video platform such as
Teams or Zoom. We have proposed the Tulsa location for your convenience because it is within
100 miles of your home address.

[Quoted text hidden]

**2 attachments**

img-d97c1c0a-cdf1-41d6-8936-8b0bbe40aecd
1K

img-cf2b6cbc-d37a-4688-9055-962681215901
19K

# EXHIBIT C

## DECLARATION OF CYNTHIA BLANCHARD

I, Cynthia Diane Blanchard, declare under penalty of perjury as follows:

1. I am the individual named in the subpoena at issue and am a non-party witness in the matter styled *U.S. Securities and Exchange Commission v. Anthem Hayek Blanchard, et al.*, Case No. 2:24-cv-2437-KHV-GEB.

2. I received a subpoena commanding me to appear for a deposition on May 22, 2026, in Tulsa, Oklahoma.

3. I am not a party to this litigation and have no direct stake in its outcome.

4. My role with respect to the entity referenced in the subpoena was limited in nature and consisted primarily of administrative and coordination-related functions.

5. I did not have involvement in the specific activities that form the basis of the claims in this action.

6. The subpoena does not identify any topics, subject matter, or limitations on the scope of questioning.

7. As a result, I am concerned that the deposition may include questioning on matters outside my knowledge or unrelated to the claims, including topics beyond my limited role and areas not connected to the claims or defenses in this action.

8. I am willing to appear for deposition and cooperate with reasonable scheduling and logistics.

9. I am not refusing to appear for deposition. I am seeking a protective order solely to ensure that the deposition is conducted within a reasonable and appropriate scope and does not impose unnecessary burden on me as a non-party witness.

I have a documented safety concern arising from a prior stalking incident that resulted in law enforcement involvement, a protective order, and felony criminal charges against the individual. This individual is a former employee of my husband's company who has continued to engage in a sustained pattern of targeting me and others associated with me. His current whereabouts are unknown. Based on this history, I have legitimate safety concerns regarding appearing for an in-person deposition at a publicly identifiable location.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of April, 2026.

Cynthia Blanchard
Non-Party Witness