**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ANTHEM HAYEK BLANCHARD and ANTHEM HOLDINGS COMPANY, <br><br> Defendants. | No. 2:24-cv-02437-KHV-GEB |

**<u>SEC'S UNOPPOSED MOTION TO REOPEN CASE FOR COURT APPROVAL AND ENTRY OF FINAL JUDGMENT BASED ON CONSENT TO RESOLVE THE CASE</u>**

Plaintiff United States Securities and Exchange Commission ("SEC") respectfully submits this unopposed motion to reopen this case for the limited purpose of the SEC filing a motion for entry of final judgments against Defendants Anthem Blanchard ("Blanchard") and Anthem Holdings Company ("AHC"), based on their consent, for the Court's approval and entry. This motion will effectuate the parties agreed-to and memorialized settlement, resolve the case as to both Defendants, and moot the trial scheduled for December 7, 2026. For the reasons explained below, there is good cause for the Court to reopen this case for that limited purpose.

1.      On May 14, 2026, the SEC notified the Court that SEC counsel had reached a settlement in principle with Defendant Anthem Blanchard and requested a 90-day stay to allow the SEC Commissioners time to consider the offer of settlement made by Blanchard. ECF 75 at 1.

2. The SEC explained that if the Commission were to approve Blanchard's offer of settlement, it would promptly inform the Court of the Commission's approval and file a motion requesting that the Court enter final judgment based upon Blanchard's consent. *Id.*

3. In May 2026, when the SEC filed the motion for a 90-day stay, the SEC had not yet reached a settlement with AHC.

4. The magistrate judge promptly granted the SEC's stay motion, staying the case until August 15, 2026. ECF 78.

5. On July 9, 2026, the Court ordered the Clerk to "administratively terminate the case without prejudice to the rights of the parties to reopen the proceedings for good cause shown, for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." ECF 81.

6. Since the entry of the Court's order administratively terminating the case, both Defendants have made offers of settlement in which they have agreed to consent to entry of final judgment, and the Commission has now accepted those offers.

7. The proposed final judgments, which have been consented to by the Defendants, in addition to certain monetary relief, impose injunctions against both Blanchard and AHC. Specifically, the proposed final judgments:

   a) Permanently restrain and enjoin each Defendant from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by engaging in specific conduct described in the Final Judgment;

b) Restrain and enjoin Blanchard for a period of 10 years from directly or indirectly, including but not limited to, through any entity owned or controlled by Blanchard, participating in the issuance, purchase, offer, or sale of any security, provided, however that such injunction shall not prevent Blanchard from purchasing or selling securities for their own personal account; and

c) Restrain and enjoin AHC for a period of ten years from directly or indirectly, including, but not limited to, through any entity owned or controlled by AHC, participating in the issuance, purchase, offer, or sale of any security.

8. Such injunctive relief is specifically provided for by the Exchange Act, 15 U.S.C. §§ 78u(d), and the Securities Act, 15 U.S.C. §§ 77t(b).

9. While the Court's July 9, 2026, order contemplated that "the parties shall file a stipulation of dismissal," SEC settlements are submitted to the court for approval and entry, which permits the entry of the injunctions. *See SEC v. GO ECO Manufacturing, Inc.*, No. 1:21-cv-00641-DDD-KMT, 2022 WL 1037573 at *1 (D. Colo. March 30, 2022) (submitting settlement to court for approval and entry); *SEC v. Orr*, No. 11-2251-SAC, 2012 WL 1327786, at *1 (D. Kan. Apr. 17, 2012) (stating that court "signed and filed judgments of permanent injunctions against [defendants] with their consent"); *see e.g., SEC v. McNaul*, No. 08-1159-JTM (D. Kan.) at ECF 1074 (Unopposed Motion for Entry of Final Judgment), 1076 (Agreed Final Judgment); *SEC v. Tanner*, et al, No. 05-4057-SAC (D. Kan.) at ECF No. 292 (Joint Motion to enter Agreed Final Judgment), 299 (Agreed Final Judgment).

10. Accordingly, the parties now seek to have the Court reopen the case to permit the SEC to file a consent motion for entry of final judgment against Blanchard and AHC based upon

the parties' agreements. Upon the case being reopened, the SEC will promptly file the Consent Motion for Entry of Final Judgment as to all Defendants, which is attached hereto as Exhibit A.

11.     Upon the Court's entry of Final Judgment based upon Defendants' consent, the case will be resolved and no trial is necessary.

12.     For the reasons stated above, the SEC respectfully requests the Court reopen this matter to allow the SEC to seek the Court's approval and entry of the Final Judgments based on Defendants' consent, terminating the case.

By:     /s/ Sharan Lieberman

Sharan E. Lieberman
Rachel E. Yeates
Attorneys for Plaintiff
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Denver Regional Office
1961 Stout Street, 17th Floor
Denver, Colorado 80294
303-844-1027
303-844-1060
liebermans@sec.gov
yeatesr@sec.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 29, 2026, the foregoing document was electronically served on Defendants in the following manner:

Anthem Holdings Company (*via email at anthemhayek@me.com*)
c/o Anthem Blanchard

Anthem Blanchard (*via email*)


/s/ *Sharan Lieberman*

U.S. Securities and Exchange Commission